

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Mary Kallenborn, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) J.C. Christensen and Associates, Inc., a ) Minnesota corporation, LVNV Funding, ) LLC, a Delaware limited liability ) company, and Resurgent Capital ) Services, L.P., a Delaware limited ) partnership, ) ) Defendants. ) | No. 12 C 6056<br><br>Judge Durkin |

## ORDER GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1.  The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated November 12, 2012.

2.  On November 19, 2012, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a Class was certified in this matter.

3.  Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action was mailed by Defendants' Counsel, via First Class Inc., to each of the 1,229 members of the Class. 30 notices were returned by the United States Postal Service as

undeliverable, with a forwarding address, and were re-mailed, while 292 were returned by the United States Postal Service as undeliverable with no further information.

4.  No objections were received, no members of the Class sought leave of this Court to intervene, and 1 member of the Class opted-out of this action, while 111 members of the Class returned claim forms.

5.  The Complaint in this action alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6.  Defendants deny that they have in any way violated the FDCPA.

7.  The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendants' net worth or $500,000. Here, based upon the Defendants' net worth, the high range of the recovery is from $30,000 to $178,000.

8.  The Settlement Agreement calls for payment of $1,000 to the Class Representative, Mary Kallenborn, and payment of $30,000 to the Class to be distributed pro-rata to each of the class members who returned a claim form, with a maximum payment of $150 each.

9.  The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶ 8 of the Settlement Agreement, the $30,000 Class settlement fund shall be distributed by Defendants' Counsel via First Class, Inc,, as set forth above to the 1,229 members of the Class who returned a claim form, within 45 days of the final approval of the settlement, checks shall be mailed to each class member who returned a claim form. Any portion of the $30,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, shall be distributed to equally to the National Consumer Law Center and the National Association of Consumer Advocates as a *cy pres* remedy. Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Defendants' Counsel shall provide the Court and Class Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the *cy pres* recipients.

11. Pursuant to ¶ 8 & 9 of the Settlement Agreement, and through subsequent negotiations, the Defendants have agreed are to pay $15,000 for Class Counsel's attorneys' fees and costs. Class Counsel has submitted a motion detailing that their attorneys' fees and costs exceed this amount, and thus, their motion is granted and this amount is approved.

12. Pursuant to ¶ 9 of the Settlement Agreement, the $1,000 due to the Class Representative, and the $15,000 due to Class Counsel for their attorneys' fees and costs, shall be paid by Defendants to Class Counsel within 21 days of the date of this order, which is to be held in trust until the 30-day appeal period has run.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated November 12, 2012, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendants, their past or present parents, affiliates, subsidiaries, successors, and assigns, and its present or former directors, officers, employees and agents (the "Released Parties"), of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against the Released Parties, arising out of or relating to the claims that were asserted or alleged in the Complaint or which could have been asserted in the lawsuit and arising out of Defendants' alleged violations of the FDCPA. Defendants hereby agree that it shall be barred identically from pursuing any claims for relief under § 1692k(a)(3) of the FDCPA against Plaintiff or against any member of the Class arising out of Defendants' alleged violations of the FDCPA. However, nothing herein shall bar Defendants from attempting to collect the underlying debts owed by Class members.

3. Defendants shall pay $16,000 ($1,000 due to the Class Representative, and $15,000 due for Class Counsel's attorneys' fees and costs) to Class Counsels' Fiduciary Account within 21 days of the final approval of the this settlement; 120 days after the approval of the settlement, Defendants'

   Counsel shall provide the Court and Class Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds equally to the National Consumer Law Center and the National Association of Consumer Advocates as a <u>cy pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement, including, but not limited to, resolving the Fee Motion.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, as set forth in ¶ 10 herein, the dismissal will be converted to a dismissal with prejudice, and the Court shall no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action.

ENTER:

*[signature]*

Judge Thomas M. Durkin,
United States District Court

DATED: February 21, 2013